IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

ADAM WYSOCKI,

                Plaintiff,

v.                                         Civil Action No. 2:05cv596

CAPTAIN BRANDENBURG, Base Police,
CAPTAIN COOPER, Commander, Naval
Amphibious Base, Little Creek,

                Defendants.

**OPINION and ORDER**

This matter comes before the court on the defendants', Captain Mark Brandenburg and Captain Garret E. Cooper, "Joint Motion to Dismiss", filed on January 24, 2006. On March 13, 2006, this court entered an order converting the defendants' motion to dismiss to a motion for summary judgment and gave the pro se plaintiff, Adam Wysocki, twenty-one days to respond to the motion. The plaintiff has never filed a response; thus, this matter is ripe for review. For the reasons set out herein, the court **GRANTS** the defendants' motion for summary judgment.

**I. Procedural Background**

On October 7, 2005, pro se plaintiff, Adam Wysocki, filed a Complaint against the defendants, Captain Mark Brandenburg and Captain Garret E. Cooper, alleging violations of the Fourth Amendment to the United States Constitution as a result of an attempted random vehicle inspection on Naval Amphibious Base Little Creek. On January 5, 2006, the defendants filed their "Joint Motion for Extension of Time to Respond to the Plaintiff's Complaint" claiming that the Department of Justice's delay in approving the request for representation for the defendants had delayed their response to the plaintiff's Complaint. On January 24, 2006, after the

Department of Justice approved legal representation for the defendants, the defendants filed the instant motion to dismiss with the required Roseboro notice. The plaintiff filed his response on February 14, 2006 and the defendants filed their reply on February 17, 2006.

On March 2, 2006, the plaintiff filed a motion entitled "Motion To Continue". However, the plaintiff's motion did not ask the court to continue the case, but simply asserted the same claims that the plaintiff alleged in his Complaint. On March 13, 2006, this court found that the plaintiff's motion to continue was moot. In addition, this court granted the defendants' motion for an extension of time to file a response, converted the defendants' motion to dismiss to a motion for summary judgment, and gave the plaintiff twenty-one days to respond to the motion. Because the plaintiff has never responded, and his time to do so has run, the defendants' motion for summary judgment is now ripe for review.

## II. Factual Background

The relevant facts to this motion are not in dispute. As the matter is before the court on the defendants' motion, the following facts are construed in the light most favorable to the plaintiff, the non-moving party. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).

On August 22, 2005, at approximately 10:00 A.M., as the plaintiff was exiting Naval Amphibious Base Little Creek in his car, he was stopped by base police at the gate as part of a random vehicle inspection. An unnamed officer asked for the plaintiff's ID and driver's license. The officer informed the plaintiff that this was a random vehicle inspection and asked the plaintiff to open the glove box of his car. The plaintiff told the officer that he would gladly open his glove box as soon as the base police showed him a search warrant based on probable cause. The plaintiff claims that the officer told him that the Constitution of the United States did not apply in this situation as long as the base had a sign posted informing the plaintiff of the possibility of an inspection. The plaintiff continued to refuse to allow the officer to inspect his

2

glove box.

At this point, the officer called defendant Captain Brandenburg to the scene. The plaintiff claims that Captain Brandenburg also informed the plaintiff that his oath to protect the Constitution did not apply in this situation, and that he, Captain Brandenburg, was in charge and takes his orders from Captain Cooper, the Commander of the Base. The plaintiff continued to refuse to allow the base police to perform their vehicle inspection. As a result, Captain Brandenburg had the Department of Defense access sticker, No. ELD638, scraped from the plaintiff's vehicle[1] and issued the plaintiff a letter banning him from the base. The plaintiff informed Captain Brandenburg that he, the plaintiff, had had to sign for the sticker and would like a receipt for it.  The plaintiff claims that Captain Brandenburg refused to issue a receipt for the sticker or check with the legal department or the Commander of the base as to the legality of the stop. The base police then asked the plaintiff to remove his vehicle from the base. The plaintiff claims that he again asked for a receipt for his sticker, but was told that if he did not remove his vehicle immediately that he would be arrested for disturbing the peace, and that he could not sue because the base police were protected.  The plaintiff claims that the stop lasted a total of forty-five minutes.

On October 7, 2005, the plaintiff filed the instant pro se Complaint in which he asks this court to have Captains Brandenburg and Cooper charged with theft and malfeasance of office for violating his Constitutional rights. Furthermore, he believes that his sticker should be returned because he is a retired military member and depends on commissary, exchange, and medical privileges. The plaintiff also asks this court to explain to him why the Constitution of the United

---

[1] Although the defendants state that the sticker was on the bumper and the plaintiff claims the sticker was on the windshield, the court finds that the location of the sticker is not material to the case.

States does not apply in this situation.

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the defendant to request dismissal if the plaintiff has filed a claim upon which relief cannot be granted. FED. R. CIV. P. 12(b)(6). However, Rule 12(b)(6) provides that "[i]f, on a motion asserting the defense . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ." Fed. R. Civ. P. 12(b). As stated in this court's previous order, because the defendants have submitted exhibits that are outside the pleadings, and the plaintiff has had the opportunity to respond, the court has converted the defendants' motion to dismiss to a motion for summary judgment. Laughlin v. Metropolitan Wash. Airports Auth., 149 F.3d 253 (4th Cir. 1998).

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate only when the court, viewing the record as a whole and in the light most favorable to the non-moving party, determines that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986); Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985). The court must assess the evidence and draw all permissible inferences in the non-movant's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Nevertheless, the non-movant must make a sufficient evidentiary showing on each element of its claims such that a jury could reasonably find in its favor. Celotex, 477 U.S. at 322. While it is the movant's burden to show the absence of a genuine issue of material fact, Pulliam Investment Co., Inc. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987), it is the non-moving party's burden to establish its existence. See

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 585-587 (1986).

The non-moving party may survive a motion for summary judgment by producing "evidence from which a [fact finder] might return a verdict in [its] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). The evidence that the non-moving party presents to this end must be more than a "mere scintilla." Barwick v. Celotex Corp., 736 F.2d 946, 958-959 (4th Cir. 1984). In order for the non-moving party to survive summary judgment, it must present evidence that is "significantly probative." Celotex Corp., 477 U.S. at 327. If the evidence presented by the non-moving party is merely colorable, or is not significantly probative, summary judgment must be granted. Anderson, 477 U.S. at 249-250; Matsushita, 475 U.S. at 586 (noting that non-movant must show "more than . . . some metaphysical doubt as to the material facts"). District courts have an "affirmative obligation . . . to prevent 'factually unsupported claims and defenses' from proceeding to trial." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323-25).

Summary judgment does not require that no factual issues be in dispute. To find against the moving party, the court must find both that the facts in dispute are material and that the disputed issues are genuine. Only "facts that might affect the outcome of the suit under governing law" are material. Anderson, 477 U.S. at 248. A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. Thus, Rule 56 mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

### IV. Discussion

Although the plaintiff did not respond to the court's order converting the defendants' motion to dismiss to a motion for summary judgment, he previously filed a response to the

defendants' motion to dismiss. From this response and the facts set forth in the remainder of the record, it is clear that the parties do not dispute the material facts in this case. Instead, the disagreement revolves around whether the defendants violated the plaintiff's constitutional rights when they attempted to inspect his vehicle, confiscated his DOD pass, and banned him from the base when the plaintiff refused to allow them to conduct the inspection.

>The Fourth Amendment to the United States Constitution provides:
>
>The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

However, "searches on closed military bases have long been exempt from the usual Fourth Amendment requirement of probable cause." United States v. Jenkins, 986 F.2d 76, 78 (4th Cir. 1993) (citing United States v. Ellis, 547 F.2d 863, 866-67 (5th Cir. 1977); United States v. Rogers, 549 F.2d 490, 493-94 (8th Cir. 1976); United States v. Vaughan, 475 F.2d 1262, 1264 (10th Cir. 1973))(Citations omitted). The Fourth Circuit explains that the rationale for exempting searches on military bases from the probable cause standard is the same rationale "for why the base is closed in the first place: to protect a military installation that is vital to national security." Id. at 78. Thus, base police do not need a particularized suspicion in order to conduct a search of a person's vehicle as they enter or exit a military installation. Id. at 79.

Furthermore, the validity of a search on a closed military installation does not turn on the express consent of the subject of the search; instead, "[c]onsent is implied by the 'totality of all the circumstances.'" Id. at 79 (citing Schneckloth v. Bustamonte, 412 U.S. 218, 227)(1973)). In Jenkins, a case in which the Fourth Circuit upheld a commander's decision to conduct random vehicle searches on a base, the court explained that "[t]he barbed-wire fence, the security guards

at the gate, the sign warning of the possibility of search, and a civilian's common sense awareness of the nature of a military base--all these circumstances combine to puncture any reasonable expectations of privacy for a civilian who enters a closed military base." Id.

In addition, commanders of Department of Defense properties have the authority to promulgate security regulations with regard to such property. See 50 U.S.C. § 797(a)(2)(A). "A base commander may summarily exclude all civilians from the area of his command." Jenkins, 986 F.2d at 79 (citing Greer v. Spock, 424 U.S. 828, 838 (1976)). Accordingly, "[i]t is within his authority, therefore, also to place restrictions on the right of access to a base." Id. at 79 (citing Ellis, 547 F.2d at 866); see also DoD Directive 5200.8 ¶ 3.2.3.  A commander is required to conspicuously post such security orders and regulations. Id. at 5.2.

In this case, Commander Naval Region Mid-Atlantic Instruction 5500.2 ("COMNAVREG MIDLANT INST"), which Captain Cooper has adopted by virtue of his position as Commander of Little Creek Naval Base, orders that Administrative Vehicle Inspections ("AVI's") be conducted by base police "to ensure the security, military fitness, or good order and discipline of the installation." See COMNAVREG MIDLANT INST 5500.2, Ch. 27-2 ¶ 2. An AVI is defined as "[a] cursory inspection of the contents of a vehicle conducted as an incident of command", as opposed to a "search", which may require probable cause. Id. at 27-2 to 27-3. "[T]he Installation Commander shall randomly select a number, time, and location for each AVI to be conducted." Id. at 27-4 ¶ a.

It is undisputed that the inspection of the plaintiff's vehicle, which Captain Brandenburg was attempting to conduct, was random and had been authorized by Captain Cooper as part of the security regulations for the base. The plaintiff acknowledges in his Complaint that it was a random stop and has set forth no evidence to dispute that this was a random stop, or that it was a pretext to search for evidence of a crime. Thus, Captain Brandenburg was simply attempting to

conduct an AVI, which does not require probable cause and is a requirement of the regulations that Captain Coooper legally promulgated. Thus, no constitutional violations occurred.

Furthermore, the court notes that the defendants never actually conducted an inspection of the plaintiff's vehicle because the plaintiff refused to allow the base police to do so. However, even if the base police had conducted the AVI, the totality of the circumstances - the gate at the entrance to the base, the security guards, "and a civilian's common sense awareness of the nature of a military base--all these circumstances combine[d] to puncture any reasonable expectations of privacy" that the plaintiff may have had. Jenkins, 986 F.2d at 79. In other words, consent to an inspection was implied by the "totality of all the circumstances." Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973). Moreover, the defendants state that they complied with all DoD regulations, a fact which the plaintiff has never disputed. Thus, the court finds that even if the base police had conducted the inspection, there would have been no violation of the plaintiff's Fourth Amendment rights.

The fact that Captain Brandenburg confiscated the plaintiff's base sticker and issued him a letter banning him from the base also does not constitute a constitutional violation. Although the plaintiff refers to such action as harassment, the plaintiff has not set forth any evidence to support such a conclusion. As explained above, Captain Cooper has the authority to place restrictions on the right of access to a base. One of the restrictions that Captain Cooper has instituted is the requirement that all persons entering or exiting the base are subject to random AVI's. If the plaintiff is unwilling to comply with this restriction, then he will not be able to have access to the base. Accordingly, this court will not order that the plaintiff's DoD sticker be returned. If the plaintiff wishes to regain access to Little Creek Naval Base, he must address this matter through the proper channels at the base, including Captain Cooper, the Commander of the base.

## V. Conclusion

After reviewing the facts in the light most favorable to the plaintiff, the court finds that no genuine issues of material fact exist, and that the defendants are entitled to judgment as a matter of law. Based on the facts presented, the plaintiff is unable to show that the defendants violated his Fourth Amendment constitutional rights. Accordingly, the court **GRANTS** the defendants' motion for summary judgment.

The court **ADVISES** the pro se plaintiff that he may appeal from this Order within sixty (60) days of the date of this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.

The Clerk is **REQUESTED** to mail copies of this order to the pro se plaintiff and counsel for the defendants.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 26, 2006